STATE of Missouri, Respondent,

v.

James Curtis WHITTINGTON, Appellant.

No. 50151.

Supreme Court of Missouri,
Division No. 2.

June 8, 1964.

Hugh J. White, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Frank P. Motherway, Sp. Asst. Atty. Gen., St. Louis, for respondent.

STOCKARD, Commissioner.

James Curtis Whittington was found guilty by a jury of the felony of selling marijuana in violation of Section 195.020 RSMo 1959, V.A.M.S., and his punishment was assessed by the jury at confinement in a state correctional institution for a term of five years. He has appealed from the judgment entered pursuant to the verdict. No brief has been filed in this court on his behalf so we review the assignments of error properly presented in the motion for new trial.

Walter Strickland, who was also known as Robert White and who admitted that he had been a drug addict, testified on behalf of the State that at about one o'clock in the afternoon of August 16, 1961, he and James Parker went to 4257 Delmar where appellant lived; that he, Strickland, asked appellant for marijuana; that appellant took some marijuana from a large envelope and placed it in a small brown envelope and gave it to Strickland; and that he, Strickland, paid appellant four dollars therefor. The small brown envelope and its contents were introduced in evidence after a chemist testified that the contents consisted of 1.89 grains of marijuana.

From the above brief statement of the essential portions of the evidence presented by the State, it is readily apparent

that there is no merit to appellant's contention that the trial court erred in refusing to direct a verdict of acquittal.

■ Appellant asserts that "the court erred in overruling his objection to testimony offered by one Walter Strickland on the ground that said witness, in pre-trial deposition, had erroneously stated his name to be another, thereby denying to defendant the right to discovery inherent in such procedure."

It appears from the transcript that the State had endorsed on the indictment the name of Robert White as a witness. On December 14, 1962, prior to trial which started on March 4, 1963, appellant took the deposition of the person identified as Robert White, and in his deposition this witness testified that his name was Robert White and that he lived at 1300 Burd Street. After the jury was selected but before any testimony was taken, appellant requested and was permitted to examine Robert White out of the presence of the jury. At that time he testified that his name was Walter Strickland and that he had previously on deposition given his name as Robert White because "that is the name the police knew me by," and that he had given the name he "worked under." At the conclusion of this examination appellant moved to "disqualify the State's witness, namely Robert White, * * * for the reason that the defendant is deprived of his constitutional rights of having a witness endorsed on the indictment at this time with his address * * * [and] said witness after [on?] his deposition testified under oath that his name was Robert White, which is false, * * * [and] this defendant is now going to trial or continuing at this time with the trial without the benefit of his statutory rights for the reason that all said testimony given by this so-called witness Robert White, whose name was endorsed on the information [was false?], and that the witness does not live at the Metropolitan Police Department as his address was given on the indictment." During the discussion appellant's attorney admitted that he had known for "about a month" that the correct name of the person who used the name Robert White was in fact Walter Strickland, and the assistant circuit attorney stated to the court that "as far as I know the man's name was Robert White." The trial court permitted the State to endorse on the indictment as a witness the name of Walter Strickland.

Supreme Court Rule 24.17, V.A.M.R., requires the endorsement on an indictment or information the names of all material witnesses for the prosecution, but "other witnesses may be added at any time upon order of court and after notice to the defendant or his attorney of record" when by doing so the accused is not prejudiced. State v. Parks, Mo., 331 S.W.2d 547; State v. Hands, Mo., 260 S.W.2d 14; State v. Carson, Mo., 286 S.W.2d 750; State v. Churchill, Mo., 299 S.W.2d 475. In this case the trial court permitted the endorsement on the indictment of the name of a witness known by appellant for over a month as the person whose alias name was already endorsed thereon. Appellant did not claim surprise, and of course could not have been surprised, and he did not seek a continuance. His request was that the person, whom he then knew and had known for over a month, to be Walter Strickland, be "disqualified" as a witness. He was not entitled to that relief and there is no merit to the assignment of error in the motion for new trial.

■ The indictment charged that appellant "did unlawfully and feloniously sell to one, Robert White," marijuana. At the close of all the evidence but before the case was submitted to the jury, the trial court permitted the filing of an information to be substituted for the indictment. The only difference, other than formal matters, between the two was that the information charged that appellant "did unlawfully and feloniously sell to one Walter Strickland, also known as Robert White," marijuana. Appellant contends in his motion for new

trial that the court erred in permitting the information to be substituted for the indictment "after the proceedings had begun in violation of statute in that facts alleged in such information were materially different than those alleged in the original indictment."

Supreme Court Rule 24.11, V.A.M.R., provides that "No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: * * * for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits: * * *." Supreme Court Rule 26.04, V.A.M.R., provides that "Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof in the christian name or surname or both christian name and surname or other description whatsoever of any person whomsoever therein named or described, * * * such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." The trial court had the authority to permit the information to be substituted for the indictment at the time it did if no additional or different offense was charged and if substantial rights of the appellant were not prejudiced. Supreme Court Rule 24.02, V.A.M.R. No additional or different offense was charged by the information; appellant does not set forth any manner in which he was prejudiced; and in view of the fact that for more than one month before trial he knew that Robert White and Walter Strickland were one and the same person he could not have been prejudiced. The assignment is without merit.

■■ The remaining two assignments are that "the court erred in overruling defendant's objection to testimony of State's witness Longinette as to what transpired between absent officers and prosecuting witness," and "the court erred in overruling defendant's motions for mistrial when offered." Neither of these assignments preserve anything for appellate review. As to the first, no reasons are set forth as to why the testimony is claimed to have been inadmissible and no reasons are advanced indicating how or why such testimony was prejudicial. See State v. Davis, Mo., 371 S.W.2d 270. In addition, although we have no duty to do so we have examined all of the testimony of State's witness Longinette, and we are not able to identify the testimony to which reference is attempted to be made. As to the second assignment, neither this court nor the trial court is required to read the record and to speculate what particular instances (or why they are believed to constitute prejudicial error) appellant had in mind in making the contention that the trial court erred in overruling defendant's motions for a mistrial. State v. Brookshire, Mo., 353 S.W.2d 681, 685. However, we have read the record and only one motion for a mistrial was made by appellant, and it was totally without merit.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.