Freddy CHAMBERS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10610.

Missouri Court of Appeals,
Springfield District.

July 20, 1977.

---

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for movant-appellant.

C. R. Rhoades, Pineville, for respondent.

TITUS, Judge.

Freddy Chambers was jury-tried and convicted of one count of stealing and four counts of second-degree murder. Because the jury could not agree on punishment, the court fixed punishment at ten years' imprisonment for the stealing and at twenty-five years' imprisonment on each murder count with the terms to run consecutively. The conviction was affirmed on appeal. *State v. Chambers,* 524 S.W.2d 826 (Mo.banc 1975). On 20 September 1976, Chambers filed a Rule 27.26, V.A.M.R., motion seeking to vacate, set aside or correct the conviction and sentences. The Circuit Court of McDonald County denied the motion without an evidentiary hearing and Chambers appealed.

■ "To qualify for an evidentiary hearing on a 27.26 motion, the movant must meet the following requirements: 1) His motion must allege facts, as opposed to conclusions, warranting relief. . . . 2)

Those facts must raise matters not refuted by the files and records in the case. . . . 3) The matters complained of must have resulted in prejudice to the [movant]." *Haliburton v. State*, 546 S.W.2d 771, 773[1] (Mo.App.1977). Albeit the appeal from the conviction was taken to the Supreme Court and that transcript on appeal is not among the records of this court, we conclude, because of the second requirement, supra, that we can and should notice the transcript on the original appeal. *Layton v. State*, 500 S.W.2d 267, 270[8] (Mo.App.1973).

As recited in *State v. Chambers, supra*, and as shown by the transcript on the original appeal which was also available to the trial court in denying the 27.26 motion without evidentiary hearing, the facts, briefly, were these: In the early morning hours (nighttime) of September 5, 1972, movant, accompanied by one Collins, drove his red Torino to a motor company's lot located south of Joplin on U.S. Highway 71. Movant broke a window in a pickup truck belonging to the company, directed Collins to get into the truck and steer, hooked it by a log chain onto the Torino's rear bumper, and drove the Torino northward along the highway towing the truck "real fast and all over the road." An employee of the motor company witnessed the theft. At some point during the asportation, the log chain became unhooked from both vehicles and the pickup truck traveled onto the wrong side of the highway and collided headon with a southbound Valiant. All four occupants of the Valiant perished as a result of the crash. Collins, a witness for the state in the criminal trial, was found in the pickup at the scene. The Torino disappeared and movant was apprehended later.

■ In part III of paragraph 8 of his motion, movant states he "was denied equal protection and due process of law [because Collins] was charged with only manslaughter . . . and [that movant] could not factually be guilty of a worse offense [than Collins], . . . [that movant] was subjected to cruel and unusual punishment [because] he was tried and convicted of second degree murder when the state only convict-

ed [Collins] of manslaughter . . . [and movant] was subjected to arbitrary prosecution when [Collins] was not charged with second degree murder." The trouble with these allegations is that they simply are not true. The transcript on the original appeal shows that Collins, by separate information, was likewise charged with one count of stealing and four counts of second-degree murder. Allegations in a motion for postconviction relief which are wholly refuted by the transcript on the original appeal do not require an evidentiary hearing and negate the need for appointment of counsel. *Snethern v. State*, 537 S.W.2d 250 (Mo.App.1976). Moreover, the fact that Collins was convicted of manslaughter or had been wholly exonerated in the matter is immaterial in this proceeding and is no proof that movant was not guilty of the charges for which he was convicted. *State v. Sickler*, 293 S.W.2d 957, 959[2] (Mo.1956).

■ Under part IV of paragraph 8 of the motion, movant says he was denied effective assistance of counsel because his appointed lawyers failed to call witnesses to testify (1) that movant and Collins had had a fight in the evening before the time in question, (2) that they did not see Collins and movant leave a truckstop together, and (3) that movant's Torino had sustained damage prior to the involved incident. As do the allegations in part III of the motion, the averments in this portion of the motion are shown by the transcript to be untrue. Two witnesses for the state (Collins and a disinterested eyewitness to the fracas) testified concerning the fight between movant and Collins. Two witnesses for the state testified that movant's automobile had been damaged prior to the incidents occurring on September 5, 1972, and that the damages had not been repaired before that time. Movant's then counsel produced the person who was involved in a collision with movant's car on August 1, 1972. This witness stated that movant's automobile had sustained the damage on August 1 which was revealed in photographs taken subsequent to the date of the alleged crimes. One state witness, an employee of the truckstop, testi-

fied he had not seen movant and Collins leave the truckstop together. It is of no consequence that most of the matters pertinent to this portion of the motion came from testimony of state witnesses rather than from witnesses called by the defense. The testimony was uncontradicted and the facts were clearly before the jury. Any additional testimony of witnesses produced by the defense on the same subjects would be merely cumulative of uncontroverted evidence and the lack thereof would not be prejudicial to movant.

 Movant also contends that the court failed to make proper findings of fact and conclusions of law pursuant to Rule 27.26(i), V.A.M.R., before denying the motion without evidentiary hearing. The findings of fact and conclusions of law recorded and the action of the trial court in dismissing the motion "[were] equivalent to findings and conclusions in accordance with the grounds (heretofore quoted) set out in that motion. Those grounds are sufficient to provide a basis for appellate review" [*Smith v. State,* 513 S.W.2d 407, 412[7] (Mo.banc 1974)], and to permit us to conclude that no evidentiary hearing was required on the motion. *Hogshooter v. State,* 514 S.W.2d 109, 113[1] (Mo.App.1974).

Movant was sentenced June 19, 1973, to the consecutive sentences noted at the beginning hereof. Since this occurred prior to the ruling that § 546.480, V.A.M.S., was unconstitutional [*State v. Baker,* 524 S.W.2d 122 (Mo.banc 1975)], and as no other reasons appear of record, we may presume that the trial court imposed the consecutive sentences in compliance with that section of the statutes. *State v. Jones,* 545 S.W.2d 659, 669 (Mo.App.1976). The trial court is now given power to exercise judicial discretion whether to impose concurrent or consecutive sentences on the five-count conviction. Consequently, the cause must be remanded to the trial court for that limited purpose.

We affirm denial of the Rule 27.26 motion for the reasons stated but the consecutive sentences imposed are set aside and the cause is remanded for the limited purpose of resentencing by the court in an exercise of discretion whether to impose the sentences in question consecutively or concurrently.

*Addendum*

Movant was tried and convicted as Freddy Chambers. His appeal under that name was affirmed in *State v. Chambers, supra,* 524 S.W.2d 826. Movant's 27.26 motion was signed "Freddy Chambers." For some unexplainable reason, the transcript, briefs and other papers filed in connection with the 27.26 motion denominate movant as "Freddie." So that the records in this case may be correct, we direct the clerk in the McDonald County Circuit Court and in this court to correct their records to cognominate the given name of movant-appellant in this cause as "Freddy."

All concur except FLANIGAN, J., who recused.