**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Bernard DAVIS, Defendant-Appellant.**

**No. 10432.**

Missouri Court of Appeals,
Springfield District.

Oct. 3, 1977.

746

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Carson Elliff, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Bruce W. Simon, Kansas City, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

TITUS, Judge.

Defendant Davis was jointly charged with Michael Wayne Wright in a two-count information with first degree robbery at Porter's So-Lo Market in Springfield on (Count I) October 19, 1975, and on (Count II) November 29, 1975. See *State v. Wright*, 558 S.W.2d 321, filed simultaneously herewith. The jury found defendant guilty on both counts. In accordance with the verdicts, defendant was sentenced to consecutive terms of imprisonment of 25 and 15 years.

As noted in *State v. Wright*, supra, co-defendant Wright was acquitted on Count II. Defendant's first point relied on is that the "trial court erred in failing to grant judgment of acquittal [for defendant] as to Count II of the information" because the verdict of guilty returned against defendant on Count II was impossible and

inconsistent with the verdict finding Wright innocent of Count II.

Defendant's reliance on *State v. Cline*, 447 S.W.2d 538, 543[3] (Mo. banc 1969); *State v. Akers*, 278 Mo. 368, 370[2], 213 S.W. 424, 425[2] (1919), and other cited authorities, is misplaced. For example: In *Cline*, defendant was charged in one information with burglary and stealing in conjunction therewith in violation of § 560.110, V.A. M.S. The court said that defendant could not be acquitted of burglary and at the same time be convicted of burglarious stealing. In *Akers* defendant and one McMahon were jointly charged in a two-count petition. Defendant was charged in each count with the identical crime of larceny while McMahon was charged in Count I with being an accessory before the fact and in Count II with being an accessory after the fact. A severance was granted and the jury found defendant guilty under Count I and not guilty under Count II. The court held the verdicts too contradictory to support a judgment of conviction.

The verdict of not guilty for Wright under Count II is not contradictory to nor inconsistent with the verdict finding defendant guilty of Count II. A jury is entitled to believe or disbelieve all, part or none of the testimony of any witness [*State v. Wade*, 535 S.W.2d 492, 495[4] (Mo.App. 1976)], and this includes the right to disbelieve defendant's alibi witnesses. *State v. Vineyard*, 497 S.W.2d 821, 830[23] (Mo.App. 1973). When there is any difference, as here, in the evidence as between persons jointly tried, the jury may weigh the evidence and make allowance for such difference; and when this is done, the fact that one is acquitted and another convicted is not grounds for reversal of the conviction. *People v. Taylor*, 25 Ill.App.3d 396, 323 N.E.2d 388, 393 (1974); *People v. Newman*, 192 Cal.App.2d 420, 13 Cal.Rptr. 305, 307 (1961).

There appears no need to burden this opinion with a detail of all the differences in the evidence as it related to defendant and Wright. It suffices to make the following brief observations. Although the store employee identified Wright as a participant in the second robbery (Count II), she "only got a glimpse of him"; and the store owner could not positively say that Wright had been present at the second robbery. The getaway car employed following the second robbery was identified as belonging to defendant. Also, it was shown that Wright was operated on November 17, 1975, for removal of a ganglion cyst from the dorsal surface of his left wrist and that the sutures and final bandaging of the surgical wound had not been removed until after the second robbery. No evidence was presented that either participant in the second robbery was wearing a bandage. The fact that Wright was acquitted on Count II is immaterial in this proceeding and is no proof that defendant was not guilty under Count II. *State v. Sickler*, 293 S.W.2d 957, 959[2] (Mo.1956); *Chambers v. State*, 554 S.W.2d 112, 114[2] (Mo.App.1977).

■ Rule 84.04(a), V.A.M.R., contemplates that an appellant's brief be divided into four parts with the third part devoted to "Points Relied On." Rule 84.04(d) mandates that the points shall briefly and concisely state "what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." These rules are made applicable to criminal cases by Rule 28.18. *State v. Orr*, 493 S.W.2d 374, 376 (Mo.App.1973).

■ Apropos of defendant's second and last point, we observe that it, as the first point, supra, does not comply with the rules for several reasons. The point reads: "The trial court erred in overruling [defendant's] objection and motion for mistrial when a prosecution witness testified as to photographic display of [defendant] as such evidence was hearsay, inadmissible and highly prejudicial."

One thing wrong with the point is that it does not come "with citation of authorities." A point presented without any citation is deemed to have been waived or abandoned. *State v. Drake*, 514 S.W.2d 653, 657[9] (Mo.App.1974). In addition, the point does not identify the prosecution wit-

ness referred to and does not state "wherein and why" his testimony, whatever it may have been, was allegedly hearsay, inadmissible and highly prejudicial. An appellate court is not required to search the argument portion of an appellant's brief to seine out the authorities relied on, to ascertain the identity of a witness whose testimony appellant complains of or to come by the "wherein and why" appellant is contending the abstractions set forth in his point are error. *State v. Mitchell*, 500 S.W.2d 320, 323[3] (Mo.App.1973). The point is not for review. *State v. Halliburton*, 531 S.W.2d 554, 556[3–5] (Mo.App.1975).

In addition to the foregoing, there are other reasons why the point has not been preserved for appellate review. Rule 27.20(a) specifies that the motion for a new trial "must set forth in detail and with particularity . . . the specific grounds or causes therefor." The motion for new trial, as concerns the point in question states: "3. The Court erred in permitting the State to offer as rebuttal testimony over the objection of the defendant the testimony of Julie Delcourt [sic] and Bob Alexander. 4. The Court erred in failing to grant the Defendant's Motion for Mis-

trial when the state offered through its investigator Bob Alexander a recitation of photo identification of the Defendant."

Neither of the motion assignments preserve anything for review. No reasons are set forth as to why the rebuttal testimony or the photo identification testimony is claimed to have been inadmissible or how or why such testimony was prejudicial. *State v. Whittington*, 379 S.W.2d 518, 521[4] (Mo. 1964); *State v. Miles*, 364 S.W.2d 532, 536[7] (Mo.1963). Moreover, the complaint in the point relied on and in the motion for new trial anent the trial court overruling defendant's motion for mistrial in connection with the testimony of witness Alexander is wholly untenable for the simple reason that no such motion was ever made.

Judgment affirmed.

All concur.