**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Michael Wayne WRIGHT,**
**Defendant-Appellant.**

**No. 10430.**

Missouri Court of Appeals,
Springfield District.

Oct. 3, 1977.

Motion for Rehearing or to Transfer
Denied Oct. 17, 1977.

Application to Transfer Denied
Nov. 14, 1977.

**322**

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

TITUS, Judge.

In a two-count information, defendant Wright and Bernard Davis were jointly charged with first degree robbery at Porter's So-Lo Market in Springfield on (Count I) October 19, 1975, and on (Count II) November 29, 1975. The jury acquitted defendant on Count II but found him guilty on Count I and assessed punishment at 25 years' imprisonment. Defendant was represented by appointed counsel at trial, and on this appeal, taken in forma pauperis, defendant is represented by different appointed counsel.

At the time of each robbery Porter, the store owner, was in the market office and Virginia White, a store employee, was near the check stands. Porter identified Davis as being a participant in both robberies and defendant as being a participant in only the October robbery. Mrs. White testified defendant was present during both robberies and Davis was present in only the October robbery.

*Points Relied On Numbered I and III*

■ Point I asserts the trial court erred in permitting the rebuttal testimony of an investigator in the prosecutor's office because the testimony constituted impeachment of a defense witness upon collateral matters. Point III says it was error to permit the rebuttal testimony of a newspaper reporter relating to supposedly prior consistent statements made by the store owner Porter because "the rehabilitating statements were not shown to have been made prior to the statements whereby Porter was impeached, and defendants were given no notice of said witness."

Unless a point raised for review upon appeal has been preserved in the motion for a new trial, it will not be considered by an appellate court. Rule 27.20(a), V.A.M.R.; *State v. Peterson*, 518 S.W.2d 1, 3[2] (Mo. 1974); *State v. Carr*, 499 S.W.2d 788, 790[4] (Mo.1973); *State v. Williams*, 546 S.W.2d 533, 537[8] (Mo.App.1977); *State v. Webb*, 544 S.W.2d 53, 54[1] (Mo.App.1976). The points relied on (I and III) were not noted in defendant's motion for a new trial. Although perspicacious appointed counsel for defendant may have sniffed possible error in the areas enumerated, his asseverations were fatally thwarted by the failure of predecessor counsel to preserve the items of alleged error by including them in the motion for a new trial. But be that as it may, which by no means constitutes an indictment of the efforts of astute trial counsel, points I and III relate solely to the charge against defendant on Count II of the information of which he was acquitted. Therefore, contrary to appellate counsel's argument, it is difficult to comprehend how defendant was prejudiced by the testimony of which he here complains. *State v. Knicker*, 366 S.W.2d 400, 403[3] (Mo.1963).

*Point Relied On Numbered II*

■ Defendant says the court erred in failing to sustain the "motion for mistrial based upon the closing argument of the prosecutor because said argument was improper and prejudicial in that the prosecutor's personal belief in defendant's guilt was expressed in such a manner as to imply knowledge of facts not in evidence."

The incident concerned, although not properly identified in the point (Rule 84.-04(d), V.A.M.R.), occurred in this fashion. In the prosecutor's final argument and following a critique of the testimony and evidence, he stated: "Ladies and Gentlemen, I leave you with [defense counsel's] words turned around just a little bit differently. Justice does come about when the innocent are turned loose and justice does come about when the guilty are convicted, but justice does not come about when the guilty are set free." Simultaneously with this final remark, the prosecutor pointed at defendant and Davis. Defense counsel moved for a mistrial because the prosecutor's "comment and his gesturing towards the defendants . . . is an inference or a statement on his part that he has personal knowledge or belief of the guilt of the defendants." In overruling the motion, the trial court observed at a bench conference: "I think it is not subject to that, I would construe it as meaning he things [sic] they're guilty based on the evidence, even though he points to them. That he pointed to them physically I don't think is material, it's the words and I don't think they were out of line."

"Defendant relies on the established principle that it is improper for a prosecuting attorney to express to the jury in argument his belief of the defendant's guilt in such way that it implies knowledge on his part of facts not in evidence pointing to such guilt. . . . But it is equally well settled that a statement by the prosecuting attorney in argument indicating his opinion that the accused is guilty, where it is apparent that such opinion is based on the evidence in the case, is permissible." *State v. Chester*, 445 S.W.2d 393, 399[8, 9] (Mo.App. 1969).

Whether the remarks of a prosecutor in closing argument necessitates the declaration of a mistrial rests largely with the discretion of the trial court and appellate courts will not interfere unless the record shows an abuse of such discretion to defendant's prejudice. *State v. Wintjen*, 500 S.W.2d 39, 42 (Mo.App.1973). Furthermore, for statements made in oral argument to be reversible error, they must have been " 'plainly unwarranted and clearly injurious.' " *State v. Hutchinson*, 458 S.W.2d 553, 556 (Mo. banc 1970). As was said in *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), "[C]losing arguments of counsel, are seldom carefully constructed in toto before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. While these general observations in no way justify prosecutorial misconduct, they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."

The prosecutor, after a complete recapitulation of the evidence during which he asserted at length the strength of the identification testimony and remarked upon the weakness of the alibi evidence, simply stated he was closing his argument with words from defense counsel's peroration "turned around just a little bit differently." Albeit the remark, taken with the gesture, amounted to an expression of the prosecutor's belief in the defendant's guilt, there is no implication in the closing argument or at any other time at trial that the prosecutor had or was relying on knowledge of facts not in evidence. Cf. *State v. Neal*, 526 S.W.2d 898 (Mo.App.1975).

The judgment is affirmed.

All concur.