**Bonnide JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40317.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

**848**

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for appellant.

Paul Robert Otto, Kristie Green, Asst. Attys. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, Richard Poehling, Dwight A. Warren, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. He was convicted for two counts of robbery first degree by means of a dangerous and deadly weapon. The jury assessed punishment at fifteen years imprisonment on each count, and the court ordered the sentences to run concurrently.

The case was affirmed by the Supreme Court. *State v. Johnson*, 499 S.W.2d 371 (Mo.1973). A resume of the facts can be found in that case.

In movant's Rule 27.26 motion he alleges ineffective assistance of counsel in "that counsel failed to [interview and call] two important witnesses in . . ." his behalf. One was a co-defendant who movant contends would have given testimony to the effect that movant had not accompanied him on the robbery. The other witness was one of the arresting officers "who had testimony material to the question of whether it was indeed movant who had entered the victimized firm at the time of the arrival of the arresting officers."

To be entitled to an evidentiary hearing, the motion is required to set forth facts, as opposed to conclusions, sufficient to support the claim for relief. *Charles v. State*, 570 S.W.2d 700, 702 (Mo.App.1978). Those facts alleged by a movant in support of his motion must raise matters not refuted by the files and records in the case. In this context, we may notice the transcript of the original appeal, even though that appeal was to the Supreme Court. *Chambers v. State*, 554 S.W.2d 112 (Mo.App.1977). We believe that a fair reading of the transcript shows that movant never expected his counsel to call either of the witnesses he alleges should have been called.

After the state rested, the court asked the defense attorneys if they were going to put on any evidence. A recess was granted so that the defense attorneys might talk to movant. One of his attorneys stated to the court that the movant had told them he did not want to testify, and for that reason, the defense would rest upon the state's resting its case. The movant then told the court that he did not want to testify, stating, "I don't have the intention of testifying." There was then discussion relative to movant's statement that he wanted to say something at the sentencing. A review of the entire colloquy between movant and the trial court reveals that the movant was aware that no more evidence was to be

offered. He may not now complain that his attorneys should have done more.

Affirmed.

GUNN, and CRIST, JJ., concur.