**STATE of Missouri, Respondent,**

v.

**Bennie ROGERS, Appellant.**

No. 42823.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Ed Ward, St. Louis, for appellant.

George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from convictions for third degree assault and leaving the scene of a motor vehicle accident. Defendant was sentenced to consecutive terms of one and four years imprisonment, respectively. We affirm.

Defendant challenges the admission into evidence of testimony concerning the results of a polygraph examination taken by him. Defendant's motion for a new trial was filed out of time. Additionally, defendant failed to include the question of the admission of polygraph-related testimony in his untimely motion for a new trial. In order to preserve an issue for review, it

must be alleged in a timely motion for a new trial. *State v. Macone*, 593 S.W.2d 619, 620 (Mo.App. 1980); *State v. Hurtt*, 509 S.W.2d 14, 15 (Mo. 1974). An untimely motion for a new trial is a nullity. Defendant has not, therefore, preserved anything for review. He does, however, seek review under the plain error rule. Rule 29.12(b).

In support of his contention that evidence concerning the polygraph was erroneously admitted, defendant relies principally on *State v. Biddle*, 599 S.W.2d 182 (Mo.banc 1980). His reliance is misplaced. *Biddle* was handed down on May 13, 1980. Defendant's trial began on January 23, 1980 and on January 25, 1980 he was found guilty by a jury. Judgment was entered on March 28, 1980. The Missouri Supreme Court announced, in *State v. Walker*, 616 S.W.2d 49 (Mo.banc 1981), that the *Biddle* case is to be applied prospectively and not retroactively.

Defendant took the polygraph examination on January 15, 1980. Prior to the taking, there was a stipulation providing for the polygraph examination and a waiver of objections by the parties to the use of the results in evidence. *Walker* is controlling. The introduction of testimony concerning the results of the polygraph examination was not error at the time of defendant's trial. *See, State v. Fields*, 434 S.W.2d 507 (Mo. 1968). Defendant has failed to show any error sufficient to amount to manifest injustice or miscarriage of justice as required for review as plain error under Rule 29.12(b).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.