Edward L. MOORE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12495.

Missouri Court of Appeals,
Southern District,
Division One.

June 22, 1982.

Motion for Rehearing or to Transfer to Supreme Court Overruled July 7, 1982.

Application to Transfer Denied Sept. 13, 1982.

John H. Wright, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., John Jacobs, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Edward Moore entered pleas of guilty to three counts of first degree robbery and one count of attempted first degree robbery, and received concurrent sentences for those crimes totalling 28 years. This appeal is from the trial court's denial, without evidentiary hearing, of movant's motion for post-conviction relief filed pursuant to Rule 27.26, V.A.M.R.

Moore alleges 1) that the trial court erred in not granting him an evidentiary hearing because at the time he entered his pleas of guilty he was not aware that he possibly could have claimed a defense of intoxication, and 2) that he had ineffective assistance of counsel because his attorney did not advise him of such possible defense.

■ Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *King v. State*, 581 S.W.2d 842, 846 (Mo.App.1979). To be entitled to an evidentiary hearing on a 27.26 motion, the motion is required to set forth facts, as opposed to conclusions, sufficient to support the claim for relief. The facts alleged must raise matters not refuted by the files and records in the case. *Johnson v. State*, 581 S.W.2d 847, 848 (Mo.App. 1979).

As to the possible defense of intoxication, § 562.076, V.A.M.S., sets forth two situations where intoxication can affect criminal liability which are 1) where the intoxication is of such a degree that it negatives an essential mental state required for guilt of the particular offense, and 2) where the intoxication is "involuntary" and is of such a degree as to render the individual irresponsible.

■ Moore's motion did not allege that his intoxication, if any, at the time of the robberies was involuntarily produced and deprived him of the capacity to know and appreciate the nature, quality, or wrongfulness of his conduct, or deprived him of the ability to conform his conduct to the requirements of law. It did not allege that his claimed intoxication was of such a degree to negative the essential mental state required for commission of the crimes in question. The motion alleges no fact that would have entitled Moore to an intoxication defense. See *State v. Gullett*, 606 S.W.2d 796, 805–806 (Mo.App.1980).

■ Further, a review of the record indicates that at the time of the entry of Moore's pleas of guilty, he was asked by the trial court, among other things, if he had *knowingly* and *forcibly* committed the crimes in question to which he answered, "Yes." Moore was aware that his guilty pleas included an admission on his part that he had knowingly and voluntarily committed the robberies. Since the record conclusively establishes that Moore's pleas were knowingly and voluntarily made, he was not entitled to an evidentiary hearing on that issue. *Thomas v. State*, 605 S.W.2d 792, 795 (Mo. banc 1980).

■ Since we have agreed with the trial court that Moore's pleas of guilty to the robbery charges were knowingly and voluntarily made, the alleged ineffectiveness of his attorney, in not advising him of a possible defense of intoxication, is irrelevant. *Barnett v. State*, 618 S.W.2d 735, 737 (Mo. App.1981).

The trial court's order denying Moore's motion for post-conviction relief is affirmed.