Herbert CHASTAIN a/k/a Rodnie Stewart, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13978.

Missouri Court of Appeals, Southern District, Division Two.

May 13, 1985.

Motion for Rehearing and to Transfer Denied May 29, 1985.

Larry Maples, Asst. Public Defender, Joplin, for movant-appellant.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant pleaded guilty to a charge of forgery and was sentenced to seven years imprisonment. The defendant had been convicted in a separate case of burglary and sentenced to imprisonment for seven years. The sentence upon the plea was made to run concurrently with the sentence for burglary. Movant filed a Rule 27.26 motion to set aside the plea. Movant ap-

peals the denial of an evidentiary hearing and overruling of that motion.

By his sole point on appeal, movant claims the trial court erred because he alleged his plea was involuntary and unintelligently made in that counsel told him his guilty plea could be withdrawn if the burglary conviction was reversed on appeal. He further claims that the record of the guilty plea proceedings does not refute these allegations.

 In a 27.26 case, appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Moore v. State*, 637 S.W.2d 275 (Mo.App.1982). In order to be granted an evidentiary hearing, the 27.26 motion must allege facts, not conclusions, which show that movant is entitled to relief. The facts alleged must raise matters not refuted by the files and record in the case. Id.

It is not necessary to consider the insufficiencies inherent in the motion. The following are excerpts from the transcript:

Q. You understand you have a right to a trial by jury?

A. Yes, I do.

. . . .

Q. Has he [defense attorney] in anyway persuaded or induced you to enter this plea of guilty against your will?

A. No.

. . . .

Q. Do you feel that there is a reasonable likelihood if you stood trial before a court or before a jury, that you would be found guilty?

A. Yes, I do.

Q. Therefore you want the Court to accept your plea?

A. Yes.

In the plea proceeding the movant acknowledged a guilty plea form he signed was correct. That form includes similar questions with similar answers. For example, "25. Has he [defense attorney] made any statement or promises as to what the court will do if you plead guilty? A. No. ... 29. Has *anyone* used force, threats, coercion, or other inducements to get you to plead guilty? A. No." The form otherwise fully establishes the movant acknowledged he was surrendering the right to a trial upon the forgery charge.

 In meticulously following the prescribed procedure for the denial of the motion without a hearing, the trial court in its findings of fact found that the plea was not coerced or induced by counsel and that movant understood his plea of guilty was final and involved a complete waiver of his right to a jury trial. The fact that the record does not reflect any discussion of the possibility of a subsequent withdrawal of the guilty plea does not establish error. It is not incumbent on the trial court to be clairvoyant and ask the defendant if he has been promised that he could subsequently withdraw his guilty plea. The movant's present contention was within the scope of the questions asked of him in the plea proceeding and on the form. By his negative answers, the record does refute the movant's claims and conclusively shows that the movant is entitled to no relief. See *Oerly v. State*, 658 S.W.2d 894 (Mo. App.1983); *Gaines v. State*, 639 S.W.2d 873 (Mo.App.1982); *Noll v. State*, 620 S.W.2d 45 (Mo.App.1981). The findings of the trial court were not erroneous but fully supported by that record. *Thomas v. State*, 605 S.W.2d 792 (Mo. banc 1980). The judgment overruling the motion without an evidentiary hearing is affirmed.

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.