**STATE of Missouri, Respondent,**

v.

**Melvin CLARK, Appellant.**

**No. 48963.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1985.

Application to Transfer Denied
Jan. 15, 1986.

Michael Radosevich, Columbia, for appellant.

William L. Webster, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant Melvin Clark appeals his jury conviction of four counts of forgery, § 570.090 RSMo 1978. The defendant was sentenced to three years imprisonment on each of the four counts, sentences to run consecutively.

The defendant contends that the trial court committed error by (1) denying defendant's motion for new trial which alleged juror separation and misconduct and (2) denying defendant's motion for new trial which alleged insufficient evidence to sustain the conviction. We affirm.

At trial, Velvet Wade testified for the State. Wade stated that on September 12, 1983, she along with the defendant, Eugene Reeder and Roxanne Delaney arrived in Cape Girardeau from St. Louis. The four checked into a motel room. Sometime after their arrival, the four proceeded to sev-

eral bank lots and rummaged through the trash. They found check blanks, deposit slips and various bank documents in the trash. The various items found in the trash were taken back to the motel. The four returned to St. Louis the following day.

Wade testified that on September 15, 1983, the four returned to Cape Girardeau. The defendant drove a motorcycle to Cape Girardeau, the others rode in a car driven by Wade. Both the defendant and Wade were issued speeding violations while enroute to Cape Girardeau. As a result of the speeding violation, Wade testified the license plates on the car were altered to make an escape easier in the event of detection. A motel room was obtained at the Best Western Motel by the defendant. Shortly after checking into the motel room the defendant gave Wade and Reeder each a check. Wade testified that the defendant was responsible for filling out and signing another person's name on the checks. The two accomplices proceeded to the Southeast Missouri Bank where they cashed the checks. Wade and Reeder returned to the motel to split the money obtained with the defendant and Delaney.

On the following day, the defendant gave his accomplices more checks to cash. Wade stated that the defendant was responsible for writing all but two of the checks, which again bore forged signatures. The accomplices proceeded to the Southeast Missouri Bank; defendant remained in the motel room. Reeder presented a forged check for payment at a window inside the bank. Reeder was unable to cash the check. Wade and Delaney presented their check to the drive-up teller window. While the teller was confirming the check inside the bank, Wade and Delaney drove off, leaving the check behind. The three accomplices returned to the motel. Wade and Delaney obtained additional checks written by the defendant. Wade and Delaney presented these checks at the drive up window of the First National Bank of Cape Girardeau. The bank teller did not cash the checks. Wade and Delaney were

arrested at the First National Bank; the defendant and Reeder were later arrested at the motel.

A police search of the car driven by the accomplices revealed altered license plates and a motorcycle helmet. Various items identified as being used in the crime were recovered from the trash container at the motel.

■ Defendant's first contention is that the trial court erred in denying his motion for a new trial which alleged juror separation and misconduct. Defendant and defendant's counsel raised this point for the first time in their respective motions for a new trial.[1] The motions filed by defendant and his counsel reveal a discrepancy as to when the alleged misconduct occurred. The motion filed by defendant's counsel alleged juror misconduct and separation occurred at the end of the noon recess during the course of the one-day trial. The motion states that the defendant was aware of the events at the time of their alleged occurrence; and that defendant's counsel did not learn of this alleged misconduct until eighteen days after the trial. Defendant's brief and pro se motion for new trial alleges the misconduct occurred after the jury had retired to deliberate on its verdict.

The record reflects that the trial lasted one day. The only recess taken during the course of the trial was a lunch recess at approximately midday. We find that the only opportunity for the alleged juror separation and misconduct to have occurred was during the noon recess. We find no support in the record for the allegation that the misconduct occurred after the jury had retired to deliberate on its verdict.

■ Missouri law provides that when an allegation of juror misconduct is first presented in a motion for new trial, an affirmative showing must be made that both the defendant and his attorney were ignorant of the misconduct until after the trial. The defendant will not be permitted to lie in wait on a favorable verdict, and then in the event of an adverse verdict be allowed to seek a new trial. Defendant's knowledge of alleged misconduct prior to the conclusion of trial will prevent its consideration when raised for the first time in a motion for new trial, even though defendant's counsel was unaware of the conduct until after trial. Defendant has the affirmative duty to inform his attorney of misconduct so that proper steps can be taken. *State v. Brown,* 599 S.W.2d 498, 502 (Mo. 1980); *State v. Rasco,* 239 Mo. 535, 144 S.W. 449, 464 (1912).

■ Our review of the record indicates that there has been no affirmative showing that both defendant and his counsel were ignorant of the alleged misconduct until after the trial. On the contrary, defendant's motion for a new trial filed by his counsel states that defendant was aware of the alleged misconduct at the time of its occurrence. Although not necessary for our determination, the record indicates that defendant's attorney was unable to produce any evidence in support of this allegation at the hearing on the motion. The trial court did not err in denying defendant's motion for a new trial on this ground. Defendant's first point is denied.

Defendant's second contention is that the trial court erred in denying defendant's pro se motion for new trial which alleged insufficient evidence to support the conviction of the defendant. Defendant contends that the only evidence identifying him to the alleged forgeries was the uncorroborated testimony of Velvet Wade, an admitted accomplice to the forgeries. Defendant claims Wade's testimony was false, perjured, and lacked probative force to support a conviction.

■ A conviction may stand on the uncorroborated testimony of an accomplice

---

1. Defendant pro se filed two additional pleadings, a "Notice of Motion for New Trial" and an "Amendment to defendant's Motion for New Trial". Both pleadings are substantially the same as defendant's original pro se pleading and were filed out of time. In accordance with *State v. Rogers,* 621 S.W.2d 111, 112 (Mo.App. 1981) these untimely filed motions for a new trial are nullities.

unless such testimony is so lacking in probative force as not to amount to substantial evidence. Evidence is insubstantial only where it is inherently incredible or self destructive, totally impeached by contradictory evidence or such that reasonable minds could not believe it. *State v. Dodson,* 556 S.W.2d 938, 950 (Mo.App.1977). The determination of a witness's credibility is a question for the jury. *State v. Light,* 563 S.W.2d 782, 784 (Mo.App.1978).

 Velvet Wade's testimony provided a plausible account of the forgeries which occurred. Her description of the forgeries was corroborated by evidence at trial. Wade's description of the various attempts to pass the checks was corroborated by the bank tellers who dealt with the accomplices. The police search of the auto which revealed the altered license plates which corroborated Wade's testimony of their plan to make an escape easier in case of detection. The discovery of various items identified as having been used in the forgery which were found in the motel garbage by the police further substantiated Wade's testimony. Our review of Wade's testimony discloses that it was not self destructive, was not impeached by contradictory evidence, and was such that reasonable minds might believe it. Wade's testimony constituted substantial evidence of the defendant's guilt of the crimes charged. Velvet Wade's testimony which established that defendant committed the forgeries, although uncorroborated, is sufficient to support a conviction.

In ruling on whether the evidence was sufficient we accept the facts in evidence as true along with all favorable inferences which may reasonably be drawn therefrom, in the light most favorable to the state and the jury verdict. We decide only if there was substantial evidence from which a jury could reasonably reach a conclusion. *Dodson,* 556 S.W.2d at 950. Defendant's challenge to the sufficiency of the evidence was premised on the uncorroborated testimony of an accomplice. We found Wade's testimony to be substantial. Therefore, we find there was sufficient evidence for a jury to find the defendant guilty. Defendant's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.