STATE of Missouri,
Plaintiff-Respondent,

v.

Dewayne DAY, Defendant-Appellant.

No. 14509.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 22, 1986.

Motion for Rehearing or to Transfer to
Supreme Court Denied Nov. 13, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lew Kollias, Columbia, for defendant-appellant.

GREENE, Presiding Judge.

Dewayne Day was jury-tried and convicted of the class C felonies of second degree burglary, § 569.170,[1] and stealing a firearm, § 570.030(3). The trial court, after finding Day to be a prior and persistent offender, due to two prior burglary convictions, sentenced him to concurrent 10 year prison terms. This appeal followed. We affirm.

The only point relied on by Day in his appeal is that the evidence was insufficient to sustain the convictions, because the testimony of Arthur Davis, who had admitted participating in the crimes, and was the only witness linking Day with them, was so conflicting that it robbed his testimony of all probative value.

Day's counsel failed to raise the issue via motion for judgment of acquittal during trial, or in a motion for new trial. Although the point was not preserved, Rule 29.11(d), we review under the plain error doctrine to see if insufficiency of the evidence caused manifest injustice or a miscarriage of justice. Rule 30.20; *State v. Thurman*, 692 S.W.2d 317, 318 (Mo.App. 1985).

■ In our review, we are mindful that in Missouri, a person may be convicted of a crime on the uncorroborated testimony of an accomplice, unless such testimony was so lacking in probative force as to preclude it from constituting substantial evidence. *State v. Dick*, 636 S.W.2d 425, 427 (Mo. App.1982). We also note that any inconsistencies in a witness' testimony may affect his credibility, and that questions regarding credibility are for the trier of fact to resolve, *State v. Newberry*, 605 S.W.2d

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

117, 121 (Mo.App.1980), with the trier of fact having the right to believe all, some, or none of the witness' testimony. *State v. Holt*, 592 S.W.2d 759, 774 (Mo. banc 1980).

At trial, Davis testified that on the evening of February 25, 1985, Davis, Day, and Ron Nichols unlawfully entered the home of Aurlin Pennington near Des Arc, Missouri, and stole guns, money, and other personal property belonging to Pennington. The three men hid the guns in an abandoned house, and, after dividing some of the stolen money, hid the rest of it, some rings and a watch belonging to Pennington in the home of Paul Nichols, where Day and Ron Nichols were staying.

Davis had been arrested near the crime scene after the burglary, while driving an automobile with no license plates, and, after a search of his car revealed personal papers belonging to Pennington, admitted his participation in the crimes, and implicated Day and Ron Nichols. Davis then took officers to the places where the guns, including the rifle which was the subject matter of the stealing charge, and the money, watch, and rings were hidden, and the loot was recovered.

On direct and cross-examination, Davis gave conflicting versions of what type of leniency he was to receive from the state in exchange for his testimony. Davis was also charged with the crimes, but his case had not been disposed of when Day's case was tried. At one time, during cross-examination, he said, in effect, that he did not expect to be sent to jail, while on redirect, he said that he had only been promised that no physical harm would come to him, if he testified as a witness for the state.

The jury did not seem to regard these inconsistencies on collateral matters as significant, and had a right to make such decision. The evidence was sufficient to sustain the jury verdict. We find no error, plain or otherwise.

The judgment of the trial court is affirmed.