William Scott SOURS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14789.

Missouri Court of Appeals,
Southern District,
Division One.

March 6, 1987.

Janet M. Thompson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

William Scott Sours was jury-tried and convicted of three counts of receiving stolen property in violation of § 570.080.[1] He was granted a new trial on Count II of the charge, which was then dismissed. After finding that Sours was a persistent offender, the trial court sentenced him to fifteen years' imprisonment on Count I, and one year imprisonment on Count III, with the sentences to run consecutively. The convictions were affirmed on appeal. *State v. Sours*, 633 S.W.2d 255 (Mo.App.1982).

After he was imprisoned, Sours filed a motion to vacate his convictions and sentences, alleging defects in the information charging him with the crimes, instructional error, and improper enhancement of punishment under the persistent offender statute. This motion was denied by the motion court, which denial was affirmed on appeal. *Sours v. State*, 692 S.W.2d 2 (Mo.App. 1985).

Sours then filed a second Rule 27.26 motion which, after amendment, alleged that he was denied due process when, during trial at the persistent offender hearing, the trial court accepted defense counsel's stipulation as to Sours' prior convictions, without inquiring as to whether Sours concurred in the stipulation.

The motion court, after conferences with the attorneys for the parties and examination of the record, concluded that Sours knowingly and voluntarily agreed to the stipulation concerning his prior convictions, and, by failing to raise the issue on direct appeal or in his previous motion for post-conviction relief, was precluded from raising it in his second 27.26 motion. The

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

motion to vacate was denied, and this appeal followed.

In his sole point relied on, Sours contends that a genuine issue of fact exists as to whether or not he agreed to stipulate to his previous convictions of felonious stealing in 1971, and first degree robbery in 1978.

■■■ Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court were clearly erroneous. Rule 27.26(j). The sentencing court is barred from entertaining a second, or successive, motion for relief whose allegation of error has been raised and determined adversely to the applicant on a prior application, or where the ground presented is new, but could have been raised in the prior motion. The burden is on the prisoner to establish that any ground raised in a second motion could not have been raised by him in the prior motion. Rule 27.26(d); *Newman v. State,* 703 S.W.2d 71, 72 (Mo.App.1985).

The record conclusively shows that after the prosecutor had offered to prove the details of the two prior convictions in question, which were among the five or six prior felony convictions noted by the trial judge at the time of sentencing, Sours' attorney, in his presence, said to the trial judge, "Your Honor, I have had a chance to discuss this with my client prior to today, he is agreeable, we are agreeable to stipulate to his prior record." The record also shows that at time of sentencing, the trial judge, after stating that the presentence report, which Sours had seen, listed his prior convictions, discussed the persistent offender act and Sours' prior convictions, and asked if Sours had any question, or knew of any legal reason why he should not be sentenced. Sours said, "No."

In his first 27.26 proceeding, Sours protested the enhanced punishment given him, contending that the information charging him as a persistent offender was defective because it did not describe the alleged prior offenses with specificity, and that "resentencing appellant after allowing the jury to impose sentence on appellant violated the reasonable expectations of both the jurors and appellant." We also take judicial notice of the legal file in Sours' first 27.26 case, and note that he had received the trial transcript, which included the matters complained of now, *before* the hearings on the matters raised there were concluded.

In the present case, the motion court found that Sours was present in court when the stipulation was made, that the stipulation agreed to by Sours' attorney was made with Sours' consent, after it had been discussed with him, that since Sours was aware of the stipulation he could have raised the issue on direct appeal, or in his first 27.26 proceeding, but did not do so, and that Sours' present contention that he did not know of, or understand, the stipulation, and did not have an opportunity to raise the issue previously is "wholly refuted" by the record.

On the basis of these findings, the motion court concluded—

1. That Plaintiff knowingly and voluntarily agreed to the stipulation concerning his prior convictions;

2. That by failing to raise this issue on direct appeal or on a prior motion for post-conviction relief, Plaintiff is precluded from raising such an issue herein;

3. That Plaintiff has failed to meet his burden of proving that this issue could not have been previously raised;

4. That there is no need for an evidentiary hearing in this matter;

5. That Plaintiff's Motion to Vacate Judgment and Sentence under Missouri Supreme Court Rule 27.26 is hereby denied.

and denied the motion to vacate.

■■■ These findings and conclusions are not clearly erroneous, since failure to raise an issue on direct appeal, which could be raised there, precludes litigation of those issues in a post-conviction review case, *Ross v. State,* 601 S.W.2d 672, 675 (Mo.App.1980), and successive 27.26 motions presenting a new issue which could have been raised in a prior proceeding will not be considered by the courts, *Newman v. State,* supra, at p. 72.

The order denying the motion to vacate Sours' convictions and sentences is affirmed.

CROW, C.J., and HOGAN, J., concur.