**STATE of Missouri, Respondent,**

v.

**Jeffery D. TATE, Appellant.**

**No. WD 39245.**

Missouri Court of Appeals,
Western District.

Dec. 8, 1987.

Sean D. O'Brien, Public Defender, Jo Ann Arnold, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and
SHANGLER and BERREY, JJ.

BERREY, Judge.

Jeffery D. Tate, defendant, was charged, and, by a jury, convicted of murder second degree, attempted robbery first degree, and armed criminal action. He was sentenced to nineteen (19) years on the murder charge and nine (9) years on the attempted robbery charge to run consecutively, and ten (10) years on the armed criminal action, to run concurrent to the first two convictions. Defendant appeals his convictions.

Defendant alleges the state presented insufficient evidence to overcome his alibi defense. For his sole point on appeal, defendant maintains the trial court should have granted his motion for acquittal because of insufficient evidence.

The facts are as follows:

On December 23, 1985, four negro males attempted to hold-up the Blue Valley Federal Savings and Loan, 2915 Swope Parkway, Kansas City, Missouri. The branch manager noticed a car being driven by the window of the bank with the driver wearing a mask; she also noticed another passenger wearing a mask. The manager notified the security guard who then began surveillance of the car.

One masked robber entered the bank with a shotgun and was shot by the guard. After shots were heard, the branch manager told the teller supervisor to "pull the alarm;" she also yelled to another teller to call the police. This abated the robbery and the robbers fled by car and took their wounded cohort, Sim Johnson, with them. His co-conspirators took him to Menorah Medical Center where he died.

James Burton and Damon Reynolds, members of the robbery gang, in separate statements, identified Jeffery Tate as the fourth member of the group. Reynolds had plead guilty to murder second, attempted robbery first, and armed criminal action. He was told he would receive sentences of ten (10) years, five (5) years, and three (3) years, respectively, to run consecutively. He had known Tate and Johnson since grade school. Reynolds testified Johnson and Tate planned the robbery. Reynolds gave two statements, the first denying any knowledge of the robbery, and the second confessing to his participation and naming his co-conspirators. James Burton, another member of the robbery group, likewise testified that he too had participated in the attempted robbery of the Blue Valley Savings and Loan with Tate, Johnson and Reynolds. According to Burton, Tate drove Burton's Cadillac to 52nd and Bellefontaine. Tate, Burton and Reynolds then entered the stolen vehicle used in the robbery attempt; the stolen car was driven by Johnson. After the foursome fled the Blue Valley Savings and Loan, they went to their getaway car and Tate then drove, taking the wounded Johnson to Menorah Medical Center. Reynolds stayed at the hospital and was apprehended there. Burton left the hospital and later returned with a female friend of Johnson's. The police were at the hospital when Burton returned. He was questioned and admitted bringing Johnson to the hospital. At this point the police arrested both Burton and Reynolds and took them in for questioning. Burton then gave a statement admitting his involvement and implicating Reynolds, Tate and Johnson. As part of a plea bargain, Burton received a ten (10) year sentence for second degree murder and a five (5) year sentence for attempted armed robbery, the sentences to run consecutively.

Angela Banks, an alibi witness who testified for defendant, stated that defendant was at her house about 10:00 a.m., Pleaze Robinson also came over; he and Tate left Bank's house but returned home shortly before 11:00 a.m. The next witness for defendant was Pleaze Robinson.

Mr. Robinson testified he was in the U.S. Army and on Christmas leave. He further testified that he left Fort Dix, New Jersey, the evening of December 22, 1985, and arrived at Kansas City International Airport on Delta Airlines. He "made it home around 7 or 8 that morning" the 23rd of December. He went to his home, then changed into a "warmup suit" and went to defendant's house. He and defendant left around 10:00—10:15 taking a car to be safety inspected and they returned around 11:00 to 11:30 a.m. Robinson acknowledged he knew deceased and Reynolds and that he did not see them that day.

The state called Henry Miller as a rebuttal witness and Mr. Miller testified he was an employee of Delta Airlines and had worked for them for twenty-two years, the last seven of which he had been District Marketing Manager. After establishing his expertise, Mr. Miller testified that on the day in question the first Delta flight of the day arrived at Kansas City International Airport fifteen minutes late at 9:45 a.m.

The jury heard all of the evidence and was free to believe or disbelieve all or any part of it. *State v. Davis,* 556 S.W.2d 745, 747 (Mo.App.1977). The credibility of the witness is a determination left for the jury. *State v. Newberry,* 605 S.W.2d 117, 121 (Mo.1980).

Both Reynolds and Burton implicated defendant in statements given separately to the police. A person may be convicted on the uncorroborated testimony of an accomplice. *State v. Clark,* 701 S.W. 2d 546, 548–49 (Mo.App.1985). Here it might be reasoned that one accomplice's statement was corroborated by the other's. In any event, the testimony was not lack-

ing in probative value and therefore it constituted substantial evidence. *State v. Day*, 719 S.W.2d 291 (Mo.App.1986). Any inconsistencies in the evidence of the co-conspirator may affect credibility but the issue is one the jury resolves. *State v. Newberry, supra*, 605 S.W.2d at 117, 121. The evidence of both accomplices, Burton and Reynolds, is both believable and unimpeached. The alibi witnesses' testimony were heard and discounted by the jury.

In ruling on whether the evidence was sufficient we accept the facts in evidence as true along with all favorable inferences which may reasonably be drawn therefrom, in the light most favorable to the state and the jury verdict. We decide only if there was substantial evidence from which a jury could reasonably reach a conclusion.

*State v. Clark, supra*, 701 S.W.2d at 549.

Defendant prefaced his attack on the sufficiency of the evidence on the testimony of the alibi witnesses. The testimony of both Burton and Reynolds was substantial and the alibis were doubtful at best in view of District Marketing Manager Henry Miller's testimony. The jury has the right to disbelieve defendant's alibi witnesses. *State v. Davis, supra*, 556 S.W.2d at 745, 747. Defendant's point on appeal is denied.

Judgment affirmed.

All concur.