Edward L. MOORE, Appellant,

v.

STATE of Missouri, Respondent.

No. 15337.

Missouri Court of Appeals,
Southern District,
Division One.

March 15, 1988.

Ronald A. Conway, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Edward L. Moore appeals from a dismissal without an evidentiary hearing of his second motion to vacate judgment and sentence filed under Rule 27.26.[1] We affirm.

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988. See Vol. 721–722 S.W.2d (Missouri cases) XXV. New rules were adopted in lieu thereof. This appeal continues to be governed by the provisions of Rule 27.26 be-

On March 2, 1981, Moore entered pleas of guilty to three counts of first degree robbery and one count of attempted first degree robbery, and received concurrent sentences for these crimes totaling 28 years. Thereafter, he filed his first motion pursuant to Rule 27.26 seeking relief claiming an involuntary guilty plea. The motion was dismissed without an evidentiary hearing and Moore appealed. This court affirmed, holding that Moore's guilty pleas were knowingly and voluntarily made. *Moore v. State*, 637 S.W.2d 275 (Mo.App. 1982).

On July 14, 1986, Moore filed the second pro se motion under Rule 27.26. On November 10, 1986, with the aid of appointed counsel, he filed an amended Rule 27.26 motion.

Moore's amended motion alleges that in the underlying criminal case, the warrant for his arrest was signed by an "assistant" clerk rather than a judge or clerk. Moore also avers that his attorney in the criminal case was ineffective because the attorney had failed to properly investigate the facts and advise Moore on the law, and because the attorney had a conflict of interest. Moore had complained of ineffective assistance of counsel in his first Rule 27.26 proceeding, but the specific complaints raised in the present motion were not included in the previous motion. The amended Rule 27.26 motion admits that Moore filed a previous motion under the rule which was denied but states:

These grounds were not raised in the prior proceedings because movant did not know and could not have known of these grounds.

The amended motion does not further explain why Moore did not or could not know of the matters complained of at the time he filed his first Rule 27.26 motion.

On January 5, 1987, respondent filed a motion to dismiss the amended Rule 27.26

cause the sentence was pronounced prior to January 1, 1988, and the motion for relief under Rule 27.26 was then pending. See Rule 24.-035(*l*) effective January 1, 1988, Vol. 721–722 S.W.2d (Missouri cases) XXV, XXVIII.

motion without an evidentiary hearing. The trial court, after hearing argument, sustained the motion. Moore appeals the dismissal.

On appeal, Moore presents one point relied on. He asserts that the trial court erred to his prejudice in failing to grant him an evidentiary hearing because his amended motion alleged facts that would entitle him to relief and further alleged that he did not know and could not have known of the new grounds for relief when the first motion was filed.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court were clearly erroneous. Rule 27.26(j); *Sours v. State*, 725 S.W.2d 649, 651 (Mo.App.1987). To qualify for an evidentiary hearing, a movant must allege facts, not conclusions, warranting relief. *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987).

Rule 27.26(d) states:

> Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner ... where the ground presented is new but could have been raised in the prior motion ... The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

In a second motion under Rule 27.26, there must be a showing that justice requires an exception to the well-considered policy of adjudicating all constitutional claims in a single collateral proceeding. *Futrell v. State*, 667 S.W.2d 404, 408 (Mo. banc 1984). To present contentions in a second or successive 27.26 motion, the movant has the duty to allege a reason or reasons which, if established by proof, would authorize a finding that the movant could not have previously presented the grounds for relief. *Riley v. State*, 728 S.W.2d 300, 301 (Mo.App.1987); *Miller v. State*, 704 S.W.2d 719, 720 (Mo.App.1986). The trial court has no obligation to grant an evidentiary hearing unless an adequate reason is alleged. *Futrell, supra.*

Moore's motion here does not allege any factual basis why the grounds urged could not have been presented in the previous motion. The allegation that Moore "did not know" or "could not have known" of the grounds raised here when the first Rule 27.26 motion was filed, merely states a conclusion. No facts are alleged showing why Moore was unaware of the grounds for relief at the time he filed his previous post-conviction motion. Therefore, the trial court did not clearly err in sustaining respondent's motion to dismiss. The judgment is affirmed.

CROW, C.J., concurs.

GREENE, P.J., concurs in separate opinion filed.

GREENE, Presiding Judge, concurring.

I concur completely in the principal opinion. However, Moore's appeal is so utterly devoid of merit that I consider it a waste of judicial time to write an opinion. I would affirm by order under Rule 84.16(b), V.A. M.R.