STATE of Missouri, Respondent,

v.

Adrian B. GIBSON, Appellant.

No. KCD 28057.

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 28, 1977.

Robert D. Kingsland, Asst. Public Defender, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Adrian Gibson appeals his jury conviction of robbery in the first degree by means of a dangerous and deadly weapon, Section 560.-120; assault with intent to kill with malice, Section 559.180; and kidnapping, Section 559.240, RSMo 1969. He was sentenced to a term of 75 years on the robbery count, life imprisonment on the assault with intent to kill count, and 10 years on the kidnapping count, such sentences to run consecutively.

On this appeal Gibson raises the single point that the court erred in failing to sustain Gibson's motion to suppress his oral statements when the evidence showed such statements were made while he was in fear of his life. Affirmed.

Gibson does not question the sufficiency of the evidence to support his multiple convictions. For that reason, a brief statement of the facts will suffice.

In April, 1974, at least two men committed an armed robbery of The First Bank of Commerce West in Columbia. During the course of the robbery, an alarm was activated. As the police responded to the alarm, the robbers ran out of the Bank, jumped into a car, and an extended chase, both by automobile and on foot, ensued. The result of this chase was the arrest of Gibson in the basement of a home while he was standing with his arm around the neck of the lady of the house. When the police confronted him, the lady stated Gibson had a knife and an officer thereupon rushed Gibson and placed a gun at his head and forced him to surrender. Gibson was led from the house while the officer still had his gun drawn. Gibson was placed in the front seat of a police vehicle and Detective Vemer entered the vehicle at the driver's side and two other police officers sat in the back seat.

Following this, the statements in question were made.

The court held a hearing outside the presence and hearing of the jury on Gibson's motion to suppress his statements made in the automobile immediately after his arrest, and in the police station as soon as he arrived there. The only evidence presented in this hearing was the testimony of Detective Vemer and Officer Duncan.

Detective Vemer testified after Gibson and the officers were all in the vehicle, he orally informed Gibson of his "Miranda" rights. Vemer stated he then asked Gibson if he understood his rights, and Gibson stated he did. Vemer asked Gibson how many of them were in the Bank and Gibson replied there were two. Vemer then informed Gibson the Bank employees had stated there were three, and Gibson stated they were wrong because he, Gibson, had stayed outside in the car.

Officer Duncan was in the rear seat and overheard the conversation between Vemer and Gibson and corroborated Vemer's testimony. When the officers arrived at the station, Gibson was given a paper with the Miranda warning printed thereon and he signed the waiver acknowledging he understood his rights and waived the right to remain silent. Thereafter Vemer asked the same question about the number of robbers in the Bank and Gibson gave the same reply he had given in the car.

At the request of Gibson, the venue on this case was changed from Boone County to Cole County. At the conclusion of the hearing on the motion to suppress, the court found the statements made by Gibson were willing and voluntary and that the matter of the voluntariness, willingness, weight and value attached to the statements were issues of fact for the jury to determine.

When Detective Vemer and Officer Duncan testified before the jury concerning the arrest of Gibson and the statements he made in the car and at the police station, Gibson's counsel made no objection. Counsel cross examined both officers fully about

the statements and the circumstances surrounding the making of each.

█ On this appeal Gibson complains only that the court erred in failing to sustain his motion to suppress the oral statements because the evidence clearly showed the totality of the circumstances in which the statements were made depicted Gibson as being in fear of his life. By failing to object when evidence of the making of such statements was presented, and further by cross examining the officers, concerning the circumstances of the making of both statements, Gibson has not preserved this issue for appellate review. *State v. Hampton*, 509 S.W.2d 139, 142[6] (Mo.App.1974); *State v. Stevens*, 467 S.W.2d 10, 19[7], 50 A.L.R.3d 96 (Mo.1971), cert. denied, 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546. The only review which may be made is to determine if there has been any plain error under Rule 27.20(c).

█ Since Gibson was in custody when the statements were made, the burden of proving such statements were given voluntarily is upon the State, but such burden may be met by the presentation of a prima facie showing of voluntariness. *State v. Thomas*, 522 S.W.2d 74 (Mo.App.1975).

█ A prima facie case of voluntariness is made when there is a showing that at all stages of the interrogation the person questioned was informed of his constitutional rights, that he understood his rights, and that no physical force or coercion, promises, threats, or other unlawful means of inducement were employed. *State v. Hunter*, 456 S.W.2d 314 (Mo.1970).

█ In this case the State met its burden through the testimony of the officers to make a prima facie showing of voluntariness. In that circumstance, there cannot be any plain error in overruling the motion to suppress such statements.

The evidence relied upon by Gibson to show he was in fear of his life when he made the statements was contained in Gibson's own testimony before the jury. This was after the hearing on the motion to suppress and the court's ruling thereon. This evidence was, therefore, not presented to the court prior to the ruling of which Gibson now complains. The court overruled the motion based upon the testimony of Detective Vemer and Officer Duncan. As demonstrated above, such evidence provided an ample basis to justify the court in overruling the motion. In this circumstance the court was correct in overruling the motion to suppress.

Of course, Gibson's testimony was heard by the jury and his version of the events surrounding the making of the statements was fully considered by the jury when it passed on the voluntary nature of the statements under the proper instruction.

The judgment is affirmed.

All concur.