STATE of Missouri, Respondent,

v.

Robert Kenneth BRYANT, Appellant.

No. KCD 27775.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Robert D. Kingsland, Asst. Public Defender, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., WELBORN and HIGGINS, Special Judges.

1. One companion, Adrian B. Gibson, was also tried in Cole County and was convicted by a jury of robbery, first degree, assault with intent

ANDREW J. HIGGINS, Special Judge.

Appeal from convictions by a jury of robbery, first degree, and assault with intent to kill with malice aforethought. The question is whether, as plain error, Rule 27.20(c), V.A.M.R., the defendant was denied a fair and impartial trial by the State's argument to the jury. Affirmed.

Appellant does not question the sufficiency of evidence to sustain his conviction. The record shows that on April 29, 1974, defendant and two companions,[1] armed with pistols and shotguns, robbed the First Bank of Commerce, Columbia, Missouri, of some $22,000 by putting four women employees in fear of immediate injury to their persons, Sections 560.120 and 560.135, RSMo 1969; and, in their attempt to escape and avoid arrest, discharged a shotgun at Harold Calvin, a police officer, and wounded a bystander, Section 559.180, RSMo 1969.

Appellant quotes the following excerpts from the State's closing argument. The emphases are appellant's; additional context is contained in parentheses.

"You know, there is one reason why we are here today and yesterday . . . it is called 'greed,' human greed, without regard to consequences that that greed causes. Taking a shotgun, loaded, into a bank where people were, *innocent people in our society; people working in there eight to five and putting their lives right on the line for this.*"

"(You have two eye witnesses who were there. They told you what happened.) Guns pointed—if you don't open that safe . . . kill her. Just for this. *Human life put in danger.*"

"(It was fine police work under dangerous circumstances.) It is a wonder Harold Calvin was here. Marty Treaster shot at. He was very lucky the bullet didn't hit him."

"I bet if Officer Highbarger hadn't seen him and been right there, *I venture

to kill with malice aforethought, and kidnaping. His conviction was affirmed, *State v. Gibson*, Mo.App., 547 S.W.2d 861 (1977).

to say that shotgun may have been used on Officer Carlyle. But Officer Highbarger was there at the same time."

"If there was any doubt the people were afraid to shoot . . . think about it. *They were shooting all over the place, and there were bullets and shells.* I don't think that was meant to scare anybody. I think it was meant to kill Harold Calvin, for example."

"( * * * you can find this man guilty of first degree robbery with a dangerous and deadly weapon. You can find him not guilty.) If you find him not guilty I will give him the shotgun and send him back on the street. That is what 'not guilty' means—right out the door today, a free man on Count I."

"(The law in this state is, if five people go in and commit a crime * * * and one person does something in furtherance of that crime all are guilty. All are responsible. I don't care if he pulled that trigger at Harold Calvin or not. To find him guilty all you have to find is that he was in the bank; that he was in that car, they were trying to escape.) Whoever did that did it with one purpose . . . to get away, that is a common purpose. *Blow that policeman away.*"

"To set a man free on Count II would say to a policeman: 'Tough, too bad, Harold. You are being shot at but too bad.' *Say to a lot of policemen who go out there and get shot at when these crimes occur,* and they are occurring more every day. *Tough.* You have a chance to say something about it. *I don't care whether it's Boone County or Cole County who gets the justice.*"

"When I prove the case the burden shifts from my shoulders to yours. *You are a part of the law enforcement system.*"

Defendant made an answering argument calculated to raise doubts with respect to the victims' identifications of their assailants and, in furtherance of his trial strategy, to put the police and their work on trial.

Conceding absence of any objection[2] to the State's argument, appellant contends the "doctrine of plain error" should be invoked to cause this case to be remanded for new trial on the ground the State's argument to the jury "which was calculated to influence and arouse the personal passions, hostilities, prejudices and fears of the jury," denied defendant the fair and impartial trial to which he was entitled under the United States Constitution, Amendment XIV, and the Missouri Constitution, Article 1, Section 9.

Appellant argues that the comment "give him the shotgun and send him back on the street," "personalizes the jury" in that they might feel personally threatened. He asserts there was no evidence that he meant to kill Officer Calvin, "in that not only was he not hit, but neither was his vehicle"; and no evidence to support the comments that "They were shooting all over the place, and there were bullets and shells, * * * I don't think that was meant to scare anybody."

In an attempt to cover the absence of objections, appellant asserts also that the quoted portions of argument had a "cumulative" inflammatory effect.

■ Under Rule 27.20(c), supra, plain errors affecting substantial rights may be considered on appeal, although not raised in the trial court or preserved for review, but only where there is a "sound, substantial manifestation * * *, a strong, clear showing, that injustice or miscarriage of justice will result" if relief is not given. *State v. Meiers*, 412 S.W.2d 478, 480–481[1] (Mo.1967). The court may consider questions going to closing argument under assertions of plain error, *State v. McClure*, 504 S.W.2d 664, 670[11] (Mo.App.1974), but relief will be rarely granted, *State v. Brown*, 528 S.W.2d 503, 505[2] (Mo.App. 1975). Where no objection has been made to the argument, review is usually denied without explication. See, e. g., *State v. May*, 479 S.W.2d 451, 456 (Mo.1972); *State v. Agee*, 474 S.W.2d 817, 820[10] (Mo.1971).

---

**2.** Counsel on appeal was not trial counsel.

■ The remark about returning the defendant to the streets with his shotgun in the event of an acquittal was an accurate and proper inference. A similar statement has been found inoffensive and void of personal opinion of guilt. *State v. Henderson*, 510 S.W.2d 813, 823[22] (Mo.App.1974).

■ Defendant's intent to kill Officer Calvin, as opposed to a desire to "scare" someone, reasonably could be inferred from evidence that the fleeing robbers fired a shotgun when Officer Calvin was about a car length away; and counsel's argument to that effect was therefore within the record and thus legitimate. *State v. Bolden*, 525 S.W.2d 625, 634[14, 15] (Mo.App.1975).

The remark about shooting and bullets and shells is similarly a reasonable inference from the evidence showing weapons, shells, bullets, and at least three exchanges of gunfire.

■ The remainder of the excerpts from the argument were also legitimate in that they constituted a plea to the jury to aid in enforcing the law. See, e. g., *State v. Pruitt*, 479 S.W.2d 785 (Mo. banc 1972); *State v. Lang*, 515 S.W.2d 507 (Mo.1974); *State v. Rodriguez*, 484 S.W.2d 203 (Mo. 1972). Cf. *State v. Heinrich*, 492 S.W.2d 109 (Mo.App.1973), where ten excerpts from the State's argument were each objectionable, therefore cumulative, and properly found to foreclose a fair and impartial trial to defendant.

Judgment affirmed.

All concur.