**STATE of Missouri, Respondent,**

v.

**Willie J. HILL, Appellant.**

**No. WD 31787.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

A jury found defendant guilty of burglary in the first degree, a class B felony, Section 569.160, RSMo 1978, and fixed his punishment at five years imprisonment, the minimum term prescribed by Section 558.011, RSMo 1978. Judgment was entered and sentence pronounced accordingly.

The closing argument of the prosecutor forms the substance of the single point raised by defendant on appeal. Although the sufficiency of the evidence has not been challenged, defendant's single point is so integrally related with the evidence that something more than a terse statement of facts is required.

During the early morning hours of June 17, 1979, a neighbor observed two men running between her home and that of the victim located at 2100 East 55th Street, Kansas City, Missouri. At that time, the victim, described as an "old woman" was asleep in an upstairs bedroom. The neighbor called the police. When the police arrived at the scene they discovered that the kitchen door of the victim's home was open and a storm window had been "raised". Upon entering the victim's home, the police discovered defendant and a juvenile accomplice hiding in the basement garage. Two butcher knives belonging to the victim, which had been removed from her kitchen, were found in close proximity to defendant and his accomplice when they were ap-

prehended in the basement garage by the police. A police officer testified without objection that defendant told him that his juvenile accomplice had previously stated that he was going to "hit this woman's crib", "take everything she has and load it in her car and take the car", and "he was going to hit her first in the eye so she couldn't see."

■ The prosecutor during opening argument stated that the jury, in connection with the assessment of punishment, should consider what defendant and his accomplice were going to do with the two butcher knives. Defendant did not object thereto, request a mistrial, or raise the matter in his motion for new trial. Perforce, any presently claimed taint of error attached thereto was not preserved for appellate review. *State v. Miller,* 593 S.W.2d 895, 897 (Mo. App.1980); *State v. Hatten,* 561 S.W.2d 706, 713 (Mo.App.1978); and *State v. Bryant,* 548 S.W.2d 209, 211 (Mo.App.1977).

The prosecutor during the waning moments of his closing argument returned to the subject matter by rhetorically asking the jury, "What were they doing over there with two butcher knives, were they to carve meat or carve women?" Defendant objected thereto, but made no request for a mistrial. The trial court neither sustained nor overruled the objection. However, the subject matter was immediately dropped by the prosecutor and was not further pursued.

■ Defendant raised his objection to the rhetorical question in his motion for new trial and contended that it was prejudicial because it was outside the evidence and any reasonable inferences drawn therefrom and was posed for the accomplished purpose of inciting juror hostility towards him. Although prosecutorial arguments are fertile sources of appeal, they seldom follow any fixed semantic pattern because the evidence to which they purport to relate varies from case to case. Consequently, appellate courts are forced to resort to broad rules and principles for determining whether a prosecutorial argument in a given case constitutes reversible error. Prosecutorial arguments which stay within the evidence

and reasonable inferences drawn therefrom are generally considered legitimate. *State v. Baldwin,* 358 S.W.2d 18, 27 (Mo.1962); and *State v. Bolden,* 525 S.W.2d 625, 634 (Mo.App.1975). Concomitantly, a trial court, by reason of its superior vantage point, is vested with broad discretion in determining the latitude of prosecutorial argument and its exercise thereof will not be overturned on appeal unless it has been so abused that prejudice has resulted to the defendant. *State v. Tate,* 468 S.W.2d 646, 650 (Mo.1971); *State v. Smith,* 527 S.W.2d 731, 733 (Mo.App.1975); and *State v. Kimmins,* 514 S.W.2d 381, 382 (Mo.App.1974). These broad rules and principles lose any semblance of validity unless their application is carefully tied to the facts of each particular case. Moreover, vigilance should be exercised to insure that the rule of deference is not indiscriminately employed to gloss over prejudicial error under the guise of judicial discretion.

■ The evidence in this case discloses that defendant's juvenile accomplice previously told him that he planned on robbing the victim and intended "to hit her first in the eye so she couldn't see." Also, two butcher knives belonging to the victim were found in close proximity to the defendant and his accomplice when they were apprehended in the victim's garage. From this combination of facts, a reasonable inference could be drawn that defendant and his accomplice, if seen by the victim, intended to inflict such physical harm upon her as deemed necessary to prevent her from identifying them. Although the prosecutor may have been guilty of indulging in melodramatics, the rhetorical question complained of was nevertheless within the perimeter of a reasonable inference drawn from the evidence. Additionally, defendant has failed to demonstrate how he was prejudiced by the rhetorical question. Placed in proper perspective, the rhetorical question related to the assessment of punishment. In this frame of reference it is difficult to perceive how defendant was prejudiced because the jury fixed his punishment at five (5) years imprisonment, the minimum punishment

prescribed by law. Moreover, the fact that defendant, colloquially speaking, was caught "red-handed" effectively dissipates any claim that the rhetorical question prejudicially tipped the scales against defendant with respect to the jury's determination of guilt or innocence.

In conclusion this court holds that an evidentiary source existed for the complained of rhetorical question, and that the trial court, in view of all the attendant circumstances, did not abuse its discretion in denying defendant a new trial.

Judgment affirmed.

All concur.