**STATE of Missouri, Respondent,**

v.

**Marlone PAYNES, Appellant.**

No. 48868.

Missouri Court of Appeals, Eastern District, Division Three.

June 4, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Oct. 16, 1985.

Dorothy M. Hirzy, St. Louis, for appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Minutes after defendant brutally beat his robbery victim he told police he had been sitting in his kitchen and "the two subjects came up, pulled the knife on me, and stole my keys." That was hearsay, but was it admissible as a dying declaration?

When police quickly arrived the victim had been cut many times, was too weak to answer other questions and died two days later. A jury found defendant guilty of first degree murder. The trial court sentenced him as a prior felon to life in prison.

Defendant appeals first contending the court erred in admitting the decedent's statement to the investigating police officer as a dying declaration.

Defendant does not otherwise challenge the state's evidence. His collaborator Ronnie Jones testified for the state: They accosted the victim on his front porch, took him inside, searched him and then the two men separated. Jones stole a television from an upper floor apartment and when he came down he saw defendant cutting the victim. In the process defendant had cut his own hand but was able to take the stolen television outside.

As said, over defendant's objection the trial court admitted into evidence the now challenged police statement about the victim having told police "the two subjects came up, pulled a knife on me and stole my keys." In deciding this we note there was other unchallenged evidence defendant and his accomplice had entered the victim's apartment together, frisked him and stole a television; and minutes later police found the bloody victim too weak to expand on what had happened.

In our review we bear in mind relevant evidence is that which tends to

prove a fact in issue, and relevance is primarily left to the trial court's discretion. *State v. Lee,* 556 S.W.2d 25 [10–12] (Mo. banc 1977).

Further, in *State v. Boyd,* 669 S.W.2d 232 [4–6] (Mo.App.1984) the assaulted victim had twice named her assailant as "a guy named Larry." We held the challenged statements were permissible hearsay, holding: "To be admissible as a dying declaration, a statement must be given when the declarant believes that death is imminent ... and declarant's belief that death may be imminent may be inferred from her condition and other circumstances...." We added: "From the circumstances, including the severity of her wounds and her rapid decline, we are convinced that [the victim] was well aware of her imminent death."

█ Here the trial court hearing the evidence was in the best position to rule the challenged testimony was relevant and admissible. We deny defendant's challenge thereto.

By defendant's second point he claims error in the prosecutor's closing argument. There he referred to his witness Ronnie Jones as a liar. This referred to Jones' statement that the victim was taken up to the third floor while Jones was burglarizing the upper apartment.

█ In *State v. Taylor,* 567 S.W.2d 705 [3, 4] (Mo.App.1978), defendant objected to the prosecutor's closing argument against his own witness. On appeal the court ruled: "A prosecutor is afforded considerable leeway in commenting on the credibility of the state's witnesses, and whether or not the bounds of propriety have been exceeded by such comments is a matter peculiarly within the sound discretion of the trial court." So it is here and we deny defendant's point.

Affirmed.

DOWD, P.J., and CRIST, J., concur.