**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Terry WHITE, Defendant-Appellant.**

**No. 52113.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1987.

**58**

Robert G. Wilkins, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Terry D. White, was convicted by a jury of burglary in the second degree, a class "C" felony in violation of Section 569.170 RSMo 1986 and sentenced as a prior and persistent offender to ten years imprisonment. Defendant appeals. We affirm.

On July 28, 1985, defendant, allegedly acting with co-defendant Ambrose Van Doren, knowingly entered unlawfully in an inhabitable structure at 1904½ Montgomery Street in the City of St. Louis possessed by Charles and Helen Lynch, for the purpose of committing stealing therein.

The state called four witnesses at trial: Charles Lynch, Shirley Keen, a neighbor who witnessed the break in, Terry Vandewarrensburg, a former girlfriend of co-defendant Ambrose Van Doren and a St. Louis Police Detective, Richard Berner.

Charles Lynch testified that his brother-in-law, Howard Mace, who lived down the street from him, delivered a message to him on July 28, 1985 to the effect that a neighbor needed his assistance because she was "about to be put out of her house." Mace told Lynch that the message had been given to him by a blond, curly headed man, and that he had been asked to pass it on to Lynch.

Lynch and his family visited the neighbor and learned that she had not sent the message. They then returned home to find that their residence had been burglarized.

Shirley Keen lived across the street from the Lynches at that time. She testified that she observed a car circle the block "close to ten times." She then saw the car

stop and two men got out and spoke to Howard Mace, who was outside at the time. Mr. Mace, she testified, then proceeded to the Lynch residence.

After the Lynches left the residence, two men approached the home. She could not identify defendant. She did, however, identify the co-defendant, Ambrose Van Doren. She testified that the second man watched while Van Doren Kicked the door in, and both men then proceeded inside. Keen then went to Mace's home and told him what she had seen. From Mace's house, she called the police.

Terry VandeWarrensburg testified that she was with Ambrose Van Doren that evening, and she positively identified defendant as the other man involved.

Detective Berner testified that he had spoken with Mrs. Keen and that she had named Ambrose Van Doren as one of the men involved, when he questioned her. Detective Berner also testified that he was contacted by Terry Vandewarrensburg, and that at a subsequent interview with her, she identified both Ambrose Van Doren and defendant as having been involved.

Defense counsel, among other witnesses, called Charles Lynch's wife, Helen.

Defendant's brief contains six points. We address his contentions in order.

Defendant contends in his first point that the trial court erred in sustaining the state's motion *in limine* prohibiting defense counsel from asking the victims, Charles and Helen Lynch, whether they desired to have defendant prosecuted. We note first that appellant's point does not comply with Missouri Supreme Court Rule 30.06(d) in that the point fails to state why the court's action was erroneous. The argument section does not serve to clarify this issue. Evidence is irrelevant if it does not logically tend to prove or disprove a fact in issue. *State v. Prewitt*, 714 S.W.2d 544, 551 (Mo.App.1986); *State v. Paynes*, 697 S.W.2d 200, 201–202 (Mo.App.1985). Trial courts have wide latitude in making rulings on the relevancy, materiality and admissibility of evidence and absent a clear abuse of the discretion vested in them, an appellate court will not interfere with such rulings. *State v. Driscoll*, 711 S.W.2d 512, 516 (Mo. banc 1986); *State v. Blair*, 638 S.W.2d 739, 757 (Mo. banc 1982).

■ The focal issue in the case was whether defendant had violated Section 569.170 RSMo, not whether the Lynches sought to prosecute him for the violation. It is the prosecuting authority in the area where a crime was committed which is vested with the right to decide whether or not to prosecute and for what crime. The prosecuting authority in making that decision represents the state and the public. It does not simply act as an agency to carry out the will of the victims. Contrary to an assertion made in his argument, defendant was not prevented from inquiring into whether the Lynches had evidence indicating that someone else committed the offense, either by the motion *in limine* or by any later rulings of the trial court, if he could lay a proper foundation for such questions. He was prevented from questioning them about their desires to prosecute and the trial court properly found that such an inquiry was irrelevant and immaterial to the issue of defendant's guilt; the issue which the jury was to determine.

Defendant's second point, as well as each of his remaining points, like his first point, fails to state why the allegedly erroneous conduct was erroneous. Thus, each of the points fails to comply with Missouri Supreme Court Rule 30.06(d). However, as with point one, we consider the points, despite this defect.

■ Defendant's second point states that the trial court erred in sustaining the state's objections to his counsel's inquiry of Charles Lynch regarding the whereabouts of Lynch's son, James Wagner. Under this point, defendant also alleges that the trial court erred in sustaining the state's objections to defense counsel's inquiry of Helen Lynch regarding whether defendant was one of the men who broke into her home. Defendant is correct that "[f]undamental fairness dictates that [he] be allowed to present evidence in his defense." However, when a trial court sustains an objection to the admission of evidence, the party

offering the evidence must demonstrate its relevancy and materiality by an offer of proof in order to properly preserve the matter for appellate review. *Jorgenson v. City of Kansas City,* 725 S.W.2d 98, 108 (Mo.App.1987). As defendant admits, his counsel failed to do so and the matter is not preserved. We find no manifest injustice warranting review under Supreme Court Rule 29.12(b).

On the record before us, the questions of where Lynch's son was on the night of the offense and whether Helen Lynch, who was not home during the time when the offense was committed, believed defendant was guilty, were not questions which were likely to lead to relevant admissible evidence. The trial court therefore properly sustained objections to the inquiries.

■ In his third point, defendant argues that the trial court erred in overruling his objection to the prosecutor's questioning of Terry Vandewarrensburg regarding co-defendant Ambrose Van Doren's intoxication the evening of the offense. Defendant does not, either in his point relied on or in his argument, explain how the introduction of this evidence was prejudicial. There was no indication that Van Doren drove while intoxicated, and that defendant allowed him to do so. Therefore, the evidence did not constitute evidence of another crime. The testimony was background as to how defendant and his co-defendant came to commit the burglary. Its relevance is questionable, but we perceive no error causing prejudice to defendant.

Defendant's fourth argument is that the trial court erred by allowing the use of hearsay testimony elicited from Detective Richard Berner to bolster the credibility of state's witnesses Shirley Keen and Terry Vandewarrensburg and to "imply the existence of an unnamed witness to further support Vandewarrensburg's testimony." The latter referring to the fact that when Detective Berner was being examined on direct, he mentioned that his partner had "talked to a second gentlemen who lived up the street from the victim." An objection was made by defense counsel and the prosecutor instructed his witness "[l]ets not go

into that." Defense counsel never elicited a ruling on his objection. There is thus no ruling which can be alleged to be erroneous. Later, Berner stated "after the witnesses were interviewed I went with Miss Vandewarrensburg ... to try to locate the property that was taken from the burglary." Defendant contends that this statement was a reference to an unknown witness who he could not confront. He contends that the statement therefore improperly bolstered Vandewarrensburg's testimony. We disagree.

We note, first, that no objection was made when the detective made the statement. There was no motion to have the statement stricken and no request that the jury be instructed to disregard the statement. Therefore, we can again review only for plain error.

The detective had clearly interviewed more than one person regarding the case before he proceeded to investigate further. He never testified that any "unknown witness" had given him any evidence which corroborated Vandewarrensburg's testimony. He was questioned, without objection, about how he had proceeded during the investigation. He simply answered the questions. We find no implication in his testimony that there was some "unknown witness," and we find no plain error in the admission of the quoted statement or any other part of Detective Berner's testimony.

With regard to the fact that Detective Berner was allowed to testify regarding statements given to him by witnesses Keen and Vandewarrenberg, thus allegedly corroborating their testimony in an improper manner, we note that our review is also under Rule 29.12(b).

■ Defendant admits that the detective never testified directly as to any statements made by either witness. His testimony was simply a step by step account of what *he* did and thus, contrary to defendant's assertion here, his testimony did not constitute hearsay. We find no error affecting defendant's substantive rights. Defendant's fourth point is therefore denied.

In his fifth point, defendant avers error on the trial court's part because the *trial court* failed to object when the prosecutor in closing argument said that the defendant was like "a predator," "a bug" and a "person preying on the poor." Defendant made no objection at trial to the remarks.

He also made no objection to the following remark made by the prosecutor during closing argument, which he complains of in his sixth point: "Even though it was a year ago, you were there. You had testimony from people who testified so simply and straightforwardly and in such detail that you were there." She then proceeded to use the phrase "you were there" on several occasions while describing the events that had been earlier described by the witnesses. Defendant argues that these remarks placed the jury improperly in the position of the state's witnesses and personalized the case to the jury in an improper manner.

■ Trial courts are vested with broad discretion in controlling closing arguments in criminal cases and the general rule is that the attorneys are accorded a broad latitude in their summations. "A conviction will be reversed for improper argument only if it is established the complained of comments had a decisive effect on the jury's determination." *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), citing *State v. Murphy*, 592 S.W.2d 727, 732–733 (Mo. banc 1979).

■ Defendant broke into the home of two people who he admittedly knew and who were friends of his family, as well as his co-defendant's family. He stole their money and their property and threw many of their family mementoes into the Mississippi River. We do not condone the application of denunciatory epithets to a defendant. However, a new trial is not called for in every instance where a prosecutor uses an unbecoming name in characterizing the defendant. *See, State v. Harris*, 351 S.W.2d 713, 716 (Mo.1961), where the defendant was referred to as a "lying thief," and *State v. Mayfield*, 562 S.W.2d 404 (Mo. App.1978), where the defendant was referred to both as a "monster" and as a "base animal."

Indeed, relief should be rarely granted on assertions of plain error as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication. *State v. Bryant*, 548 S.W.2d 209, 211 (Mo.App.1977). This because the absence of objection, request for admonition to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention.

*State v. Newlong*, 627 S.W.2d at 616. With regard to the prosecutor's characterizations of the defendant, we find no plain error which had a decisive impact or caused a manifest injustice. Defendant's point five is denied.

■ Turning to defendant's sixth point, we find nothing in the record which suggests that the prosecutor asked the jurors to put themselves in the position of a victim or a witness or that she asked them to think about the case from such an angle. She made it clear that she was simply summarizing the testimony and she referred to which witnesses had provided which pieces of information. Defendant has failed to indicate how her phraseology decisively affected the outcome of the trial and we find that it did not and that there was no plain error.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.