**STATE of Missouri, Respondent,**

**v.**

**James DUNKINS, Appellant.**

No. 56235.

Missouri Court of Appeals,
Eastern District,
Division One.

April 10, 1990.

**Ronald DEE, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

No. 56102.

Missouri Court of Appeals,
Eastern District,
Division One.

April 10, 1990.

## ORDER

PER CURIAM.

Movant appeals the denial after an evidentiary hearing of his Rule 29.15 motion

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, James Dunkins, appeals his jury conviction for the Class B felony of robbery in the second degree, RSMo § 569.030 (1986) for which he was sentenced to five years imprisonment. We affirm.

The evidence adduced at trial revealed that on April 13, 1985, Carol Singleton went to a liquor store near her home to buy some soda and cigarettes. While there, several men stood behind her and made "little comments ... like hey baby." Miss Singleton ignored the comments and left the store. Two of the men followed her. As she approached her apartment building, the appellant grabbed her by the neck, threw her to the ground and took her purse. The purse contained credit cards, a check book, door keys and almost one hundred and thirty dollars.

Appellant was convicted by a jury on May 15, 1986. The jury also recommended that the appellant be sentenced to five years imprisonment. On June 26, 1986, the court, after receiving a presentence investigation, suspended the imposition of the sentence the jury had recommended and placed the appellant on three years probation. The appellant failed to meet the requirements of his probation and, after waiving his rights to a probation violation hearing, his sentence was executed on February 3, 1989.

Appellant contends that the trial court erred in overruling his objection and motion for mistrial following certain comments made during the State's closing argument. During the State's closing argument the following exchange occurred:

... if you were a little old lady walking down the street with a bag full of groceries and somebody mugs you—

*Mr. Childress:* Objection to the characterization or personalization of the argument.

*The Court:* Overruled.

*Miss Autrey:* Someone mugs you, then, you better not even waste your time calling the police because, hey, I am sorry. You are the only person even though you had every reason in the world to remember what that person looks like because you don't get mugged everyday of the week.

It's not like you are passing somebody on a street corner. You have no reason to remember that person. But when they mug you and beat you and take your purse, I think you would. You work hard for your money. You don't want some little thief coming along taking it from you after you work for it....

Appellant contends that this was: (1) an improper personalization of the argument to the jury; and (2) a characterization of the defendant as "a little thief."

■ A prosecuting attorney is not allowed to personalize his argument to the jury. *Thomas v. State,* 766 S.W.2d 720, 722 (Mo.App., E.D.1989). Personalization interferes with the duty of the jury to make a decision based solely on the evi-

dence and not upon their own fears. *State v. Mallory,* 747 S.W.2d 209, 211 (Mo.App., W.D.1988). We do not find the personalized remarks to be reversible error in this case, however.

■ During his closing statement, appellant's attorney made the following argument:

Well, let's take a real quick look at the identification. You saw me and I, with my broken toe, ran up to the young lady. You see how quickly that can be done. If somebody is running up from ten feet, what kind of look can you get at someone running up behind you in the dark? Someone in the dark who you have never seen, never known before?

Now she demonstrated on me how one could grab someone around the neck. You cannot grab someone around the neck and at the same time be looking easily at their face. You can grab him from behind. Actually, she said the best look she got was when the guy was running up to her....

Now, we can all make mistakes. I can make mistakes. You can make a mistake. Judges can even make mistakes, and the problem is not that it's a sin to make a mistake. The problem is that when you have to remove yourself from the situation and analyze all of the particular details, you say, okay. So, this person has identified someone. It's at night. It's this situation.

The comments made by the prosecutor were apparently invited by appellant's counsel. It is a well settled rule that a prosecutor can go further in retaliation than he could have gone in the first instance. *Mallory,* 747 S.W.2d at 212; *State v. Williams,* 721 S.W.2d 102, 107 (Mo.App. E.D.1986). Here, the appellant's counsel attacked the identification of the victim. He cannot claim prejudice now due to remarks he, himself provoked. *Mallory* at 212.

■ Appellant next claims that the court erred in overruling his motion for a mistrial due to the prosecuting attorney's characterizing the appellant as "a little thief." We note that the record is devoid of objection at this point in the State's argument. The appellant, instead, waited until after the rebuttal argument of the State was completed and then requested a mistrial. Complaints concerning the substance of closing argument require immediate objection so that corrections may be made and appropriate cautionary instructions given. *State v. Stuckey,* 680 S.W.2d 931, 937 (Mo. banc 1984). An objection made after the close of argument comes too late. *Id.* We will review the comment, however, for plain error.

A prosecuting attorney should not apply denunciatory personal epithets to the defendant or his witness. *State v. Harris,* 351 S.W.2d 713, 716 (Mo.1961). However, a new trial is not called for in every instance where a prosecutor uses an unbecoming name in characterizing the defendant. *See Harris,* 351 S.W.2d at 716, where the defendant was referred to as a "lying thief,"; *State v. White,* 733 S.W.2d 57, 61 (Mo.App., E.D.1987), where the defendant was referred to as "a predator", "a bug" and "a person preying on the poor" and *State v. Mayfield,* 562 S.W.2d 404, 412 (Mo.App., St.L.Dist.1978), where the defendant was referred to as both a "monster" and a "base animal." The conviction of an appellant will only be reversed for such statements if it is established that the complained of comment had a decisive effect on the jury's determination. *State v. White,* 733 S.W.2d 57, 61 (Mo.App., E.D.1987). In addition, relief should rarely be granted on assertions of plain error as to closing argument, for where no objection is lodged, trial strategy is an important consideration and such assertions are generally denied without explication. *State v. Bryant,* 548 S.W.2d 209, 211 (Mo.App., K.C.D.1977). "This because the absence of objection, request for admonition to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of a risk of error by such intervention."

*State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982); *State v. White,* 733 S.W.2d at 61. This court does not find that the prosecutor's statements here would have had a decisive impact or cause manifest injustice. Point denied. Because this court does not find any error in the statements of the prosecutor during closing argument, the judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.