**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard CALLAHAN, Defendant–Appellant.**

No. 20889.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 6, 1996.

home two or three times a month. When T.T. visited during the summer, she would often ride with defendant on a lawn mower while he cut the lawn. She would sit on the seat in front of defendant, between his legs, and steer the mower. On two occasions during the summer of 1992, after defendant and T.T. finished mowing the lawn, he took her to a storage area where the mower was kept and sodomized her. T.T. was 12 years old at the time of trial of this case on January 25, 1996. She was 9 when the offense occurred.

Defendant does not challenge the sufficiency of the evidence. His sole allegation of trial error is directed to the state's closing argument. He contends the trial court erred "in allowing the prosecutor to make improper arguments ... in that the prosecutor argued facts not in evidence, and personally vouched for [T.T.'s] credibility."

Defendant did not include the complaints he attempts to raise in this appeal in his motion for new trial. "In order to preserve an issue for review, it must be alleged in a timely motion for a new trial." *State v. Rogers*, 621 S.W.2d 111, 112 (Mo.App.1981). He apparently recognizes this failing in that he asserts the trial court "plainly erred." "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 29.12(b).

Defendant's complaints are directed to four statements the prosecuting attorney made during closing argument. All the statements refer to T.T.'s testimony. Defendant complains two of the statements argued facts that lacked evidentiary support. He complains the other statements "vouched for [T.T.'s] credibility."

The Supreme Court of Missouri discussed requests for plain error review directed to events occurring during closing arguments in *State v. Silvey*, 894 S.W.2d 662 (Mo. banc 1995):

Plain error review "should be used sparingly and does not justify a review of every trial error that has not been properly pre-

Emmett D. Queener, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Judge.

Richard Callahan (defendant) was convicted of sodomy following a jury trial. § 566.060.3.[1] He was charged as and found to be a prior offender and a persistent offender. §§ 558.016.2 and .3. Defendant appeals contending trial error in permitting the prosecuting attorney to argue facts not in evidence during closing argument. This court affirms.

Defendant lived with Q.W. Q.W.'s granddaughter, T.T., visited her grandmother's

---

1. References to statutes are to RSMo Supp.1991.

served for appellate review." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990) (quoting, *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983)). Relief should rarely be granted on assertions of plain error as to closing argument because, "in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc 1988).

*Id.* at 670.

*State v. Bryant*, 548 S.W.2d 209, 211 (Mo. App.1977), declared, "Where no objection has been made to the argument, review is usually denied without explication."

■ Defendant's attorney objected to only one of the four statements he claims constituted plain error. During the opening part of the state's closing argument, the prosecutor discussed the likelihood that T.T. remembered the events about which she testified. He stated:

> You had an opportunity to observe and hear how she would remember that. Of course, she would remember it. She was there. This isn't something that she saw at a distance. This is something that happened to her that she remembered. You had the opportunity to remember how it was revealed, how it came about, how she told about it.

The prosecutor then added, "And that is very important in this case because I think it's very consistent that someone would not tell this. In fact, some people go through their entire lives keeping something like this a secret because it's so dirty." Defendant's attorney objected on the basis that "[t]here's no evidence as to what people go through their entire lives." The trial court overruled the objection.

In the context of the argument in which the statement was made, if the evidentiary ruling was erroneous, this court concludes it was harmless error. If erroneous, the ruling by no means produced manifest injustice or a miscarriage of justice; there was no plain error.

The other statement defendant asserts was made without evidentiary support suggested it was common for people to delay reporting sexual abuse. The two statements he characterizes as having vouched for T.T.'s credibility were remarks that answers she gave were truthful. No objections were posed to those statements. Consistent with *Silvey* and *Bryant*, this court declines to afford the claims plain error review. The judgment is affirmed.

MONTGOMERY, C.J., and CROW, P.J., concur.